1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES A. NEELY,                        No.  1:16-cv-00601 DLB PC

12                   Plaintiff,                ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND
13          v.
                                               THIRTY-DAY DEADLINE
14    ROMERO, et al.,

15                   Defendants.

16

17          Plaintiff Charles A. Neely ("Plaintiff"), a state prisoner proceeding pro se and in forma

18    pauperis, filed this civil rights action on April 29, 2016.  Plaintiff names Golden State Modified

19    Community Correctional Facility ("GSMCCF") Warden W. Wilson and GSMCCF Correctional

20    Officer J. Romero as Defendants.[1]

21    **A.      SCREENING STANDARD**

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28    _____
      [1]  Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 5, 2016.

                                               1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

7  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

8  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting

9  Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are

10  not. Id.

11       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

12  other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

13  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

14  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions

15  or omissions of each named defendant to a violation of his rights; there is no respondeat superior

16  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609

17  F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

18  2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a

19  plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

20  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

21  standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

22  **B.       ALLEGATIONS IN FIRST AMENDED COMPLAINT**

23       Plaintiff is currently incarcerated at GSMCCF, where the events at issue occurred.

24       Plaintiff alleges that Defendant Romero slammed his right arm into his chest as he was

25  exiting his housing unit.  He refers to the attached appeals for additional factual information.

26       According to Plaintiff's appeal, on January 27, 2015, Plaintiff exited the dorm with the

27  first wave of chow release.  He was sixth or seventh in the group when Defendant Romero

28  slammed his right arm into his chest, physically stopping Plaintiff in his tracks.  Defendant

1    Romero then yelled, "slow down!"  ECF No. 1, at 10.  Plaintiff told Defendant Romero "do not

2    touch me" and Defendant Romero then removed his arm from Plaintiff's chest and Plaintiff

3    proceeded to chow.  ECF No. 1, at 10.

4         Plaintiff contends that "if CO Romero's intention was to slow down the release of chow,

5    then he got it backwards!"  ECF No. 1, at 10.  Plaintiff believes that Defendant Romero used

6    force against him "in a threatening manner that was completely unnecessary and a text book

7    misuse of force according to the DOM and Title 15."  ECF No. 1, at 10.

8         Plaintiff further alleges that Defendant Wilson is directly responsible for the actions of her

9    staff, and handled this situation inappropriately.

10   **C.     DISCUSSION**

11        1.    Use of Force

12        The unnecessary and wanton infliction of pain violates the Cruel and Unusual

13   Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct.

14   995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the

15   issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or

16   maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175,

17   1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted);

18   Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth

19   Amendment claim is contextual and responsive to contemporary standards of decency, Hudson,

20   503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do

21   not violate the Constitution, the malicious and sadistic use of force to cause harm always violates

22   contemporary standards of decency, regardless of whether or not significant injury is evident,

23   Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks

24   omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

25        Plaintiff's use of force claim is based on his characterization of Defendant Romero's acts

26   as threatening and unnecessary.  Regardless of Plaintiff's description, the facts do not rise to the

27   level of an Eighth Amendment violation.  Even if Defendant Romero "slammed" his arm into

28   ///

3

1   Plaintiff's chest in what appears to have been an effort to slow down the line, this does not

2   constitute the malicious or sadistic use of force.

3         To the extent that Plaintiff cites the DOM or Title 15, a violation of these rules and

4   regulations does not necessarily state a constitutional claim.  Plaintiff's factual allegations must

5   state a claim under constitutional standards, regardless of whether there was a regulatory or

6   statutory violation.  There is no authority for the proposition that there exists a private right of

7   action available to Plaintiff for violation of Title 15 regulations, e.g., Parra v. Hernandez, 2009

8   WL 3818376, at *8 (S.D. Cal. 2009); Davis v. Kissinger, 2009 WL 256574, at *12 n.4 (E.D. Cal.

9   2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

10         For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.

11         2.    Defendant Wilson

12         Supervisory personnel may not be held liable under section 1983 for the actions of

13   subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v.

14   Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and

15   Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-

16   16 (9th Cir. 2012) (en banc).

17         Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the

18   constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's

19   wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681

20   F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693

21   F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal

22   participation in the offensive act if supervisory officials implement a policy so deficient that the

23   policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

24   violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))

25   (internal quotation marks omitted).

26         Plaintiff does not include any factual allegations against Defendant Wilson, other than to

27   say that she handled the situation inappropriately, and he fails to state a claim for this reason.

28   Insofar as Plaintiff intends to state a claim against Defendant Wilson based on her supervisory

4

1   positions, he cannot do so.  As explained above, a constitutional violation must be premised on

2   individual participation, and cannot rest solely on Defendant Wilson's position as a supervisor.

3   Plaintiff fails to offer any allegations to demonstrate that Defendants Wilson was personally

4   involved in the deprivation of his rights, or that the deprivation was the result of a deficient

5   policy.

6          Plaintiff therefore fails to state a claim against Defendant Wilson based on supervisory

7   liability.

8   **D.     ORDER**

9          Plaintiff's complaint does not state any cognizable claims.  Plaintiff has not previously

10   been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff

11   with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the

12   identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d

13   at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may

14   not change the nature of this suit by adding new, unrelated claims in his amended complaint.

15   George, 507 F.3d at 607.

16          If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under

17   section 1983, it must state what each named Defendant did that led to the deprivation of

18   Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under

19   the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.

20   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

21   above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

22          Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa

23   County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself

24   without reference to the prior or superceded pleading," Local Rule 220.

25          Accordingly, it is HEREBY ORDERED that:

26          1.      The Clerk's Office shall send Plaintiff a complaint form;

27          2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file an

28                  amended complaint curing the deficiencies identified by the Court in this order;

5

1    3.    If Plaintiff fails to comply with this order, this action will be dismissed, without

2         prejudice, for failure to obey a court order.

3

4    IT IS SO ORDERED.

5    Dated:    **July 8, 2016**                    /s/ Dennis L. Beck

6                                        UNITED STATES MAGISTRATE JUDGE