UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. NEELY, | CASE No. 1:16-cv-00601-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| J. ROMERO, et al., | **(ECF No. 11)** |
| Defendants. | **DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)** |
| | **CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim and he was given leave to amend. (ECF No. 7.) His first amended complaint is before the Court for screening.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

2

that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.     Plaintiff's Allegations

Plaintiff is incarcerated at Golden State Modified Community Correctional Institution, a privately owned prison under contract with the California Department of Corrections and Rehabilitation and the location where the acts giving rise to the complaint occurred. He names the following individuals as defendants: Correctional Officer J. Romero, and Warden W. Wilson.

Plaintiff's allegations may be summarized essentially as follows.

On January 27, 2015, Defendant Romero slammed his right arm into Plaintiff's chest while Plaintiff was exiting the dorm for chow. Plaintiff contends that Romero singled him out because of Plaintiff's slight statute and calm demeanor and to demonstrate and establish his authority.

Warden Wilson failed to provide his subordinates with proper training on the use of force and releasing inmates to chow. There is no policy for releasing inmates to chow.

Plaintiff contends that this conduct constituted cruel and unusual punishment, excessive force, and a violation of his due process rights. He seeks training for officers at his institution on the use of force and release for chow, suspension of termination of Romero, termination or demotion of Wilson, and a requirement that all officers at the institution wear body cameras.

### IV.     Analysis

#### A.     State Action

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Here, Plaintiff is incarcerated in a privately operated prison, and Defendants presumably are privately employed. There is a presumption that "conduct by private actors is not state action." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). However, "state action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id. at 924 (internal quotation marks omitted) (quoting Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001). It is beyond dispute that "state prisoners . . . enjoy a right of action against private correctional providers under 42 U.S.C. § 1983." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 n.5 (2001).

Accordingly, Plaintiff's status as a state prisoner in a privately operated prison under contract with the State is sufficient to allege state action.

**B.    Excessive Force**

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate . . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen

prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327).

The extent of injury suffered by the plaintiff may indicate the amount of force applied. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Id. (quoting Hudson, 503 U.S. at 9).

> The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."

Wilkins, 559 U.S. at 37-38 (internal citations and some internal quotation marks omitted).

Plaintiff's allegations do not rise to the level of excessive force for the reasons stated in the prior screening order. Defendant Romero's act of slamming his arm into Plaintiff's chest in an apparent effort to slow down the chow line was at most unnecessary. It cannot be characterized as malicious or sadistic. As alleged, it amounts to a mere "push or shove" resulting in no discernible injury. Such conduct does not violate the Eighth Amendment. Wilkins, 559 U.S. at 37-38.

### C.     Due Process

The Fourteenth Amendment protects individuals from the deprivation of liberty or property without due process of law. The Court can discern no basis for a due process claim within Plaintiff's complaint. Plaintiff's allegations are more properly analyzed under the Eight Amendment.

### D.     Defendant Wilson

As Plaintiff already was advised, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013);

accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted) (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

Plaintiff alleges that Defendant Wilson failed to train her subordinates in the use of force and releasing inmates for chow, and failed to implement a chow-release policy. These allegations fail to state a claim. As the Court noted above, Plaintiff's allegations against Defendant Romero fail to state a constitutional claim. Thus, Wilson's alleged failure to train or supervise Romero did not result in a constitutional violation. Plaintiff fails to offer any allegations to demonstrate that Defendant Wilson was personally involved in a deprivation of his rights, or that a deprivation was the result of a deficient policy.

Plaintiff therefore fails to state a claim against Defendant Wilson based on supervisory liability.

## V.   Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The action is DISMISSED with prejudice for failure to state a claim;

2. Dismissal counts as a strike pursuant to the "three strikes" provision set

forth in 28 U.S.C. § 1915(g); and

3. The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated: September 21, 2016        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE